**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  ATP III GP, Ltd.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  98-0696091

4. **Debtor's address**

   **Principal place of business**
   230 Park Avenue
   Number     Street
   Suite 2800
   New York     NY     10169
   City     State     ZIP Code

   New York
   County

   **Mailing address, if different from principal place of business**
   Number     Street
   P.O. Box
   City     State     ZIP Code

   **Location of principal assets, if different from principal place of business**
   Number     Street
   City     State     ZIP Code

5. **Debtor's website** (URL)  _____

Debtor ____ATP GP III, Ltd._____    Case number (*if known*)_____
         Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❑ Partnership (excluding LLP)<br>❑ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❑ Railroad (as defined in 11 U.S.C. § 101(44))<br>❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>❑ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  5   2   3   9 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>❑ Chapter 7<br>❑ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>    ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).<br>    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ❑ A plan is being filed with this petition.<br>    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❑ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☒ No<br>❑ Yes.  District _____ When _____ Case number _____<br>                                                        MM / DD / YYYY<br>             District _____ When _____ Case number _____<br>                                                        MM / DD / YYYY |

Debtor  **ATP GP III, Ltd.**                                                                 Case number (*if known*)_____
      Name

| | | | |
|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes.   Debtor   See Schedule 1 <br>         District   Delaware <br>         Case number, if known _____ | Relationship   See Schedule 1 <br> When   ___ / ___ / _____ <br>             MM / DD / YYYY |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                            Number     Street

                            _____
                            City                           State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.   Insurance agency   _____
                Contact name   _____
                Phone   _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Official Form 201                 Voluntary Petition for Non-Individuals Filing for Bankruptcy                 page **3**

Debtor  ATP III GP, Ltd.
           Name

Case number (if known) _____

### 15. Estimated assets
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☒ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/09/2025
                    MM / DD / YYYY

✗ /s/ Seth L. Harrison
Signature of authorized representative of debtor

Seth L. Harrison
Printed name

Title  MD, Director

### 18. Signature of attorney

✗ /s/ L. Katherine Good
Signature of attorney for debtor

Date  12/09/2025
          MM / DD / YYYY

L. Katherine Good
Printed name

Potter Anderson & Corroon LLP
Firm name

1313 N. Market Street, 6th Floor
Number   Street

Wilmington                                    DE         19801
City                                                State    ZIP Code

(302) 984-6000
Contact phone

kgood@potteranderson.com
Email address

5101                                          DE
Bar number                                    State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtors

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Apple Tree Life Sciences, Inc.

| ENTITY |
| --- |
| Apple Tree Life Sciences, Inc. |
| ATP Life Science Ventures, L.P. |
| ATP III GP, Ltd. |

**Written Resolutions of the Sole
Director of ATP III GP, Ltd.
(the "General Partner")**

**Date: December 9, 2025**

The undersigned, being the sole director of the General Partner resolves in writing as follows.

---

1. **Resolutions**

   The sole director, after considering certain materials presented by, or on behalf of, the General Partner's management and its advisors, including, but not limited to, materials regarding the liabilities, obligations and liquidity of the General Partner, the strategic alternatives available to the General Partner, and the impact of the foregoing on the General Partner's business, unanimously resolves by way of a written resolution in lieu of a meeting that:

   (a) in the judgment of the sole director of the General Partner, it is expedient and in the best interest of the General Partner, its stakeholders, its creditors, and other parties in interest that the General Partner file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petition") commencing a case (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") for the General Partner.

   (b) the General Partner shall be, and hereby is, in all respects authorized with effect from the 9th day of December 2025 to file, or cause to be filed, a Bankruptcy Petition for the General Partner, and the sole director of the Partnership hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition.

   (c) any duly appointed officer of the General Partner and/or Seth L. Harrison, Joseph Yanchik, Daniel P. Finkelman, Marie-Therese Afif and Sarah Kessler, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the General Partner all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the General Partner.

   (d) each of the Authorized Persons, acting individually and with full power of

substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the General Partner: (i) the law firm of Quinn Emanuel Urquhart & Sullivan LLP, as general bankruptcy counsel, (ii) the law firm of Potter Anderson & Corroon LLP, as general bankruptcy co-counsel, (iii) the firm of B. Riley, as a restructuring advisor, (iv) the law firm of Walkers as counsel in connection with Cayman law, and (v) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals such Authorized Person deems necessary, appropriate or advisable; each to represent and assist the General Partner in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the General Partner, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

(e) each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate or desirable in accordance with these resolutions and the Chapter 11 Case, with a view to the successful prosecution of the case.

(f) to the extent the General Partner is directly or indirectly a stockholder of certain of the General Partner's subsidiaries (each, a "Controlled Company"), each Authorized Person is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlled Company.

(g) in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the General Partner's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the General Partner itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the General Partner, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may,

in his/her/its/their absolute discretion approve, deem or determine necessary, appropriate, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

(h) the sole director of the General Partner has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the General Partner, or hereby waives any right to have received such notice.

(i) all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the General Partner, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the General Partner with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the sole general partner of the General Partner.

These resolutions may be executed in any number of counterparts and by the different signatories hereto on separate counterparts, each of which when so executed and delivered shall constitute an original, but all counterparts shall together constitute one and the same set of resolutions.

Signed by the sole director of the General Partner:

_____
Seth L. Harrison

Fill in this information to identify the case:
Debtor name **Apple Tree Life Sciences, Inc.**
United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (On a Consolidated Basis) 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Pluris Valuation Advisors, LLC | Attn: Espen Robak<br>61 BroadwaySuite 1000<br>New York, NY 10006<br>erobak@pluris.com | Professional Services - Valuations | | | | $63,350.00 |
| 2 | CBIZ, Inc. | Attn: Ron Burton<br>68 South Service Road, Suite 300<br>Melville, NY 11747<br>ronald.burton@cbiz.com | Professional Services – Tax Compliance | | | | $42,745.00 |
| 3 | The Agency Worldwide | Attn: Jeff Appelbaum<br>PO Box 8792<br>Calabasas, CA 91372<br>jeff@theagencyworldwide.com | Professional Services – Recruiting Search | | | | $37,500.00 |
| 4 | Mark Mitchnick | 80 Three Mile Harbor Drive<br>East Hampton, NY 11937<br>mmitchnick@appletreepartners.com | Professional Services - Consultant | | | | $20,000.00 |
| 5 | RXR HB Owner LLC | PO Box 411223<br>Boston, MA 02241<br>RXRarinquiry@cbre.com | Office space utilities and maintenance fees | | | | $12,475.72 |
| 6 | The Regents of the University of California Berkeley | 2195 Hearst Avenue, #120<br>Berkeley, CA 94720<br>cga_receivables@berkeley.edu | Professional Services | | | | $10,421.21 |

Debtor  Apple Tree Life Sciences, Inc.                                    Case number *(if known)*
        Name

| # | Creditor | Address | Nature of Claim | | | | Amount |
|---|----------|---------|-----------------|--|--|--|--------|
| 7 | Belay Solutions, LLC | Attn: Laura Keller<br>885 Woodstock Road<br>Suite 430-365<br>Roswell, GA 30075<br>accounting@belaysolutions.com | Professional Services - Consultant | | | | $7,350.00 |
| 8 | Wilson Sonsini Goodrich & Rosati | Attn: Teresa Byard<br>PO Box 742866<br>Los Angeles, CA 90074<br>tbyard@wsgr.com | Professional Services - Legal | | | | $4,944.50 |
| 9 | Chelsea Technologies LLC | Attn: Meyer<br>101 NE Third Avenue, Suite 1120<br>Fort Lauderdale, FL 33301<br>meyer@chelsea-tech.com | Professional Services – IT Support | | | | $3,919.50 |
| 10 | Cogent Communications, LLC | PO Box 791087<br>Baltimore, MD 21279<br>billing@cogentco.com | Telephone | | | | $1,112.50 |
| 11 | Echelon Fine Printing | PO Box 849215<br>Los Angeles, CA 90084 | Office Supplies | | | | $157.57 |
| 12 | Maples Group | Attn: Natalie Stanford<br>PO Box 1093<br>Boundary Hall, Grand Cayman KY1-1102<br>Cayman Islands | Professional Services - Compliance | | | | $90.00 |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |

| Debtor | Apple Tree Life Sciences, Inc. | | Case number *(if known)* | | | | |
|---|---|---|---|---|---|---|---|
| | Name | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Apple Tree Life Sciences, Inc., *et al.*,[1] | Case No. 25-\_\_\_\_\_ (\_\_\_) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Apple Tree Life Sciences, Inc. ("Apple Tree"), ATP Life Science Ventures, L.P. ("ATP Life"), and ATP III GP, Ltd. ("ATP III," and collectively with ATP Life and Apple Tree, the "Debtors") respectfully represent as follows:

1. Debtor Apple Tree is 100% owned by Debtor ATP Life.

2. The equity ownership of Debtor ATP Life is represented by: (1) preferred shares held as follows: (i) 47.20% of the outstanding shares are held by Rigmora Biotech Investor One LP and (ii) 49.13% of the outstanding shares are held by Rigmora Biotech Investor Two LP; and (2) common shares held as follows: (i) 41.8% of the outstanding shares are held by Rigmora Biotech Investor One LP and (ii) 43.7% of the outstanding shares are held by Rigmora Biotech Investor Two LP.

3. Debtor ATP III is 100% owned by Seth L. Harrison, MD.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Apple Tree Life Sciences, Inc. (4506); ATP III GP, Ltd. (6091); and ATP Life Science Ventures, L.P. (8224). The location of the Debtors' service address in these chapter 11 cases is 230 Park Avenue, Suite 2800, New York, NY 10169.

**Fill in this information to identify the case and this filing:**

Debtor Name  ATP III GP, Ltd.

United States Bankruptcy Court for the:  District of Delaware
                                          (State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule*
- ✗ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ✗ Other documents that require a declaration: Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/09/2025        ✗ */s/ Seth L. Harrison*
             MM / DD / YYYY       Signature of individual signing on behalf of debtor

                                  Seth L. Harrison
                                  Printed name

                                  Director of the General Partner
                                  Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**